**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ABDUL-JABBOR MALIK,

      Plaintiff-Appellant,

v.

TOM R. KINDT, WARDEN
CALBORNE,

      Defendants-Appellees.

Case No. 96-6252

(D.C. CIV-94-957-W)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before BRORBY, EBEL, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Abdul-Jabbor Malik, a federal prisoner proceeding in forma pauperis and pro se, appeals from the district court's grant of motion for summary judgment for defendants

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

on his claims against defendants in their personal capacities as Warden and Associate Warden at the Federal Correctional Institution ("FCI") in El Reno, Oklahoma pursuant to the Religious Freedom and Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb-bb-4.

Mr. Malik brought a civil rights suit complaining of his conditions of confinement while he was in administrative segregation between February 9 and March 24, 1994, at the El Reno FCI. Mr. Malik asserted violations of his due process rights, his First Amendment rights to freedom of association and speech, and his Fourth Amendment right to be free of unreasonable seizures. The district court found that the defendants were entitled to qualified immunity and granted summary judgment in favor of the defendants on all of Mr. Malik's claims.

This Court affirmed the district court with regard to Mr. Malik's claims with the exception of his RFRA claims. The court remanded for findings on whether Mr. Malik's rights under the RFRA were violated when he was not allowed to attend six Muslim Jumu'ah[1] services while housed in administrative segregation. On remand, the district court referred the matter to United States Magistrate Judge Ronald L. Howland. Judge Howland issued his findings and recommended summary judgment in favor of the defendants. The district court agreed with the magistrate and granted summary judgment for the defendants. Mr. Malik argues, on appeal, that the defendant's violated the RFRA

---

[1]     Jumu'ah is a "weekly Muslim congregational service" mandated to be held on every Friday afternoon. O'Lone v. Estate of Shabazz, 482 U.S. 342, 345 (1987) (citing the *Koran* 62:9-10).

by not making Jumu'ah services available to him while he was in administrative segregation at the El Reno FCI. After reviewing the record de novo, we affirm the District Court's order granting summary judgment in favor of the defendants.

Mr. Malik was incarcerated for mailing threatening communications and threatening a federal official. Mr. Malik was being transferred between a prison in Terre Haute, Indiana, and Lompoc, California, when he was placed in short-term holdover status at the El Reno FCI. He was considered a violent offender and was placed in Administrative Segregation. Mr. Malik was in Administrative Segregation for approximately six weeks. During this period he was provided with religious headgear and Ramadan accommodations were made. He was also provided with a Koran. The Jumu'ah services are congregational and are held every Friday afternoon. Mr. Malik was denied the opportunity to attend the Jumu'ah services because of his status as a violent offender in Administrative Segregation.

Mr. Malik challenges the district court's grant of summary judgment to the Defendants on his claim under RFRA. Mr. Malik argues that his exercise of religion was substantially burdened by the Defendants and therefore a violation of RFRA. We address whether the defendants violated the RFRA when they denied Mr. Malik the opportunity to attend congregational Jumu'ah services held in the prison chapel.

We review an order granting motion for summary judgment de novo, applying the same standard as the District Court under Federal Rules of Civil Procedure 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d. 1238, 1241 (10th Cir.

3

1990).  "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law."  Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991).  We must review the record in light most favorable to the nonmoving party.  Deepwater Invs., Ltd., v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).  Applying these standards, we must determine whether Mr. Malik has made a sufficient showing on the essential elements of the case with respect to which he has the burden of proof.  Celotex v. Catrett, 477 U.S. 317, 322 (1986).

The RFRA creates a federal cause of action for persons whose freedom of religious exercise is substantially burdened by the government.  The RFRA provides that the government cannot substantially burden a person's exercise of religion unless it is in furtherance of a compelling governmental interest and it is the least restrictive means of furthering such interest.  42 U.S.C. §. 2000bb-1(b).

"[C]onvicted prisoners do not forfeit all constitutional protections by reason of their confinement in prison."  O'Lone  v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (quoting Bell v. Wolfish, 441 U.S. 520, 545 (1979)).  Prisoners retain conditional First Amendment rights and the RFRA applies to prisoners' claims.  Hicks v. Garner, 69 F.3d 22, 25-26 (5th Cir. 1995).  Yet, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the

4

considerations underlying our penal system.'" O'Lone, 482 U.S. at 348 (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)).

This circuit addressed the heightened scrutiny of RFRA, within the prison context, in Werner v. McCotter, 49 F.3d 1476 (10th Cir. 1995). In Werner, we held "that a prison system may not substantially burden a prisoner's right of free exercise in the absence of a compelling state interest and must employ the least restrictive means necessary to further that interest." Id. at 1479. "[O]nly those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion." Id.

"To exceed the 'substantial burden' threshold, the government regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a prisoner's individual beliefs; must meaningfully curtail a prisoner's ability to express adherence to his or her faith; or must deny a prisoner reasonable opportunities to engage in those activities that are fundamental to a prisoner's religion." Id. at 1480 (quoting Bryant v. Gomez, 46 F.3d 948 (9th Cir. 1995)). The burden of proving the existence of a substantial interference with the right of free exercise rests upon the religious adherent. Id..

To state a prima facie claim under the RFRA, a plaintiff must make two threshold showings. First the plaintiff must show that the government action burdened a religious belief rather than a philosophy or way of life. Id. at 1479 n. 1. Second, the plaintiff must sincerely hold the burdened belief because the "government need only accommodate the

5

exercise of actual religious convictions." Id. (citing Wisconsin v. Yoder, 406 U.S. at 215-19 (1972)).

In O'Lone, the Supreme Court observed that the Jumu'ah service is commanded in the Koran and must be held every Friday. O'Lone, 482 U.S. at 345. The Court also found that unlike other Muslim prayers which are performed individually and can be made up if missed, the Jumu'ah is obligatory, cannot be made up, and must be performed in congregation at a specific time. Id. at 351. Liberally construing petitioner's pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we take judicial notice of the central role played by the Jumu'ah services in the Muslim religion. O'Lone, 482 U.S. at 345.

Mr. Malik has been provided Muslim religious materials by prison officials. In addition, there is no evidence in the record showing Mr. Malik has a lack of sincerely held beliefs. Liberally construing his petition, we find Mr. Malik has made a prima facie case under the RFRA.

Assuming arguendo that the defendants placed a substantial burden on Mr. Malik's exercise of religion, the burden shifts to the defendants to prove that the substantial interference is met by a compelling governmental interest. "Courts should continue to give 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Werner, 49 F.3d at 1479-1480 (quoting S. Rep. No. 111, 103d Cong., 1st Sess. 9-11, reprinted in 1993

6

U.S.C.C.A.N. 1892, 1900). "Nonetheless, even within the prison context, 'the state must do more than simply offer conclusory statements that a limitation on religious freedom is required for security, health or safety in order to establish that its interests are of the highest order.'" Id. at 1480 (quoting Weaver v. Jago, 674 F.2d 116, 119 (6th Cir. 1982) (per curiam)).

The defendants assert that Mr. Malik was not able to attend the Jumu'ah services because he was in administrative detention and was considered a violent inmate. Evidence in support of the defendants' showing of a compelling security concern includes the fact that Mr. Malik was originally incarcerated for threatening federal judges, was not known by the prison guards, and that during his tenure at El Reno there were documented incidences where Mr. Malik became physically violent. Given that the courts grant great deference to prison administrators with respect to issues that impact the maintenance of good order, security and discipline, Werner, 49 F.3d at 1479, the defendants have met their burden of proof by showing that the limitation on Mr. Malik's religious freedom was required for security reasons and that security was therefore a compelling governmental goal.

The RFRA also requires that the government "may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person . . . is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b)(2) has been interpreted to mean the equivalent of "no greater than

necessary." <u>Hamilton v. Schriro</u>, 74 F.3d 1545, 1554 (8th Cir. 1996).  Mr. Malik asserts that the defendants could have hired a Muslim minister (which does not appear to solve the problem with the congregational aspect of the service); could have placed Mr. Malik in plastic hand restraints and then escorted him into the service; or could have had a separate room for the use of  inmates in administrative segregation.  (Rec. vol. I, doc. 11 at 19).  We agree with defendants that the suggested alternatives, particularly with respect to a high security inmate, are not reasonable given the facts of this case.

The record supports the proposition that Mr. Malik was not denied the opportunity to practice his faith.  The temporary denial of Mr. Malik's observance of Jumu'ah is also relevant--the denial was for a limited six week period of time.  The record supports the finding that he was provided with other religious articles for the purpose of worship, such as a Koran, religious headgear, and specifically prepared meals during Ramadan.  The fact that he was not permitted to attend the congregational Jumu'ah services during the six weeks he was in administrative detention, is not an affront to the RFRA in this situation.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry<br>
Circuit Judge

8